BRUNSWICK BANK *versus* SEWALL, AND OWEN, *as his trustee.*

One, having a lien upon goods with power to sell, and being, *before they came to his actual possession,* summoned as trustee of the general owner, (the right to take possession having been postponed for a limited period by the lien contract,) will be charged as trustee, if he afterwards take and sell the goods, at a price more than enough to discharge his lien.

Neither will he be discharged by the fact that he took negotiable notes for the goods, and held the same unpaid at the time of his disclosure.

A placed goods in the hands of his creditor, B, as collateral security, with power to sell, the surplus avails to be accounted for to A, who then, for the purpose of securing C, a second creditor, in the sum of seventy-five dollars, gave to C a draft upon B for the surplus. B accepted the draft, and was immediately afterwards summoned as trustee in this suit. He afterwards sold the property and found the surplus to be $243,33. He paid the seventy-five dollars to C, who for the benefit of A, the drawer, assigned the balance due on the draft to a third creditor. This third creditor drew an order upon B, for $125, "to be paid out of the avails of the sale." B, accepted this order, "to pay when in funds;" —

*Held, that,* upon the payment of the seventy-five dollars to the second creditor, the draft had fulfilled its office, and ceased to have vitality; and *that* B was chargeable, as trustee, without the right of deducting for his acceptance of the $125 order.

ON EXCEPTIONS from *Nisi Prius,* HOWARD J. presiding.

The question is upon the liability of Owen to be adjudged

trustee. From his disclosure and from a deposition given by the principal defendant, the following appear to be the material facts : —

The defendant mortgaged a stock of goods to Joseph Sewall, reserving the right to continue in possession for a limited period. Joseph Sewall assigned the mortgage to Owen, to whom also the defendant transferred his right, (reserving the privilege of making retail sales, for a period not beyond the 10th of March,) upon a stipulation that Owen, after selling the goods and deducting for his own claims, should pay the surplus proceeds of the sale to the defendant, who thereupon drew his draft upon Owen, directing the surplus to be paid to one Russell. Owen accepted the draft on the 1st of March, and was afterwards on the same day summoned as trustee in this suit.

He took no possession of the goods until the 10th of March, when he sold them at auction, taking notes therefor payable to the order of the makers and by them indorsed. These notes exceeded Owen's claims by $243,33.

The draft in favor of Russell was made in order to secure to him a debt of $75, due from the defendant.

That debt was paid by Owen after the sale, and its amount was indorsed on the draft, which was thereupon assigned for the benefit of the defendant by Russell to Frederick D. Sewall, to whom Owen afterwards, on account of it paid $25. Frederick D. Sewall, thus holding the draft as assignee, drew his order upon Owen to pay one Porter $125, " out of the avails of the goods," which Owen " accepted to pay when in funds."

The plaintiffs cited Russell and F. D. Sewall to support their claims under the draft. They did not personally appear, but Porter, as an attorney at law, entered an appearance for them, and offered reasons why the claim under the Russell draft should be sustained. They, however, afterwards filed in the case a denial of Porter's authority to appear for them. Upon these facts, Owen was charged as trustee, and it was ruled, that he was not entitled to deduct for the order

accepted by him in favor of Porter. To this ruling he excepted.

*Porter* and *Smith*, for the trustee.

1. At the time of being summoned as trustee, Owen was merely a mortgagee, *not in possession*, and having no *present right* of possession. He, therefore, was not liable to this process. 11 Shep. 131, 555; 5 Pick. 31; 18 Pick. 396; 6 Shep. 132.

Had Owen been in possession, he might, on a decree of the Court, after payment, have turned out the goods. R. S. chap. 119, § 58. But, not being in possession, he had no such right.

2. The only property in Owen's hands, at the time of the disclosure, was in negotiable notes, not guarantied by him. A depositary of choses in action cannot be held as trustee. 3 Pick. 65; 32 Maine, 33.

3. The order, drawn upon Owen in favor of Porter, by F. D. Sewall, the assignee of the Russell draft, was made payable out of the avails of the goods. It was accepted by Owen, and that fact was stated in his disclosure. This constituted an assignment to Porter of the balance due upon the original draft. As such assignee, Porter had a right to appear in Court for Russell and F. D. Sewall. They were his assignors, and had no right, (either by neglecting to appear, or by resisting the appearance of their assignee,) to defeat Porter's claim.

He had the right, as assignee, to use their names.

Porter ought to have been cited in, as assignee, to protect his rights. That not having been done, those rights will now be protected by the Court.

The opinion of the Court, SHEPLEY, C. J., TENNEY, RICE and APPLETON, J. J., was delivered by

RICE, J., orally. — The trustee objects to the adjudication of the Court because the property in his hands is now in the form of negotiable securities. This objection cannot prevail. The property at the time of the service of the writ on him

was in specific articles, goods, which he has voluntarily converted into the securities now in his possession. These securities are to be treated as cash in his hands, for which he is clearly chargeable, unless the assignees have established their title to the fund. But when duly notified to come into Court and protect their interest, the assignees refused to appear, and disclaimed the authority of Porter who had appeared in their behalf. If the appearance of Porter was authorized, as he protests it was, still the assignees show no title to the property in the hands of the trustee, as it appears from the case that the Russell draft, under which they have title, if at all, was paid by the trustee, from the proceeds of the goods in his hands, before it was transferred by Russell to them. It was therefore of no validity. *Exceptions overruled.* —
*Judgment affirmed.*

*Barrows*, for the plaintiffs.